IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARTER SERVICES, INC. and ) <br> MOBILE FRACTIONAL LEASING, LLC, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> DL AIR, LLC, ) <br> CENTRAL PROGRESSIVE BANK and ) <br> RICHARD BLOSSMAN, ) <br> ) <br> **Defendants.** ) | CIVIL ACTION NO. 08-658-KD-C |

**ORDER**

This matter is before the Court *sua sponte*. This action was initially filed on October 2, 2008 in the Circuit Court of Mobile County, Alabama (CV 08-901566). On November 7, 2008 Defendants filed a Notice of Removal in this Court. (Doc. 1). The Notice of Removal alleges that federal subject matter jurisdiction exists pursuant to diversity jurisdiction, 28 U.S.C. § 1332.

Although the Plaintiffs have not filed a motion to remand, federal courts are of limited jurisdiction and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction – even when the parties do not question its existence. See, e.g., University of South Alabama v. American Tobacco Co., 168 F.3d 409, 411 (11th Cir. 1999). Accord Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). See also Sheldon Good & Co. v. San Carlos Condominium Development, LLC, Slip Copy, 2008 WL 5401648, *1 (S.D. Ala. Dec. 29, 2008). The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005). The facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Moreover, pursuant to 28 U.S.C. §

1447(c), this Court may, *sua sponte*, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In this case, the requisite diversity of citizenship as to Plaintiffs and Defendants is not apparent on the face of the Notice of Removal. (Doc. 1). The Notice alleges that Plaintiff Charter Services, Inc., is an Alabama corporation organized and existing under the laws of the State of Alabama; and Plaintiff Mobile Fractional Leasing, LLC, is an Alabama limited liability company organized and existing under the laws of the State of Alabama. (Id. at 2). The Notice alleges further, that Defendant DL Air, LLC., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Louisiana; Defendant Central Progressive Bank is a financial institution organized and existing under the laws of the State of Louisiana with its principal place of business in the State of Louisiana; and Defendant Richard Blossman is a Louisiana resident. (Id.)

For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022-1023 (11th Cir. 2004). Here, Defendants have failed to allege a proper jurisdictional basis because they have failed to allege the proper citizenship of the LLCs on both sides. Id. See also e.g., Business Asia Consultants, Inc. v. Thermasolutions, LLC, Slip Copy, 2008 WL 1766888, *1-2 (S.D. Fla. Apr. 14, 2008); Whiddon Farms, Inc. v. Delta and Pine Land Co., et al., 103 F. Supp. 2d 1310, 1311-1313 (S.D. Ala. 2000). Specifically, Plaintiff Mobile Fractional and Defendant DL Air are limited liability companies. First, Defendants have not addressed the membership of Plaintiff Mobile Fractional Leasing, LLC other than asserting only that it is an Alabama limited liability company. Additionally, a review of the record reveals that

according to the Aircraft Lease Agreement between Mobile Fractional and DL Air (attached to the Notice of Removal), Mobile Fractional is a Delaware limited liability company and that a Mobile, Alabama Post Office Box has been listed for George A. Brown, its "Manager." (Doc. 1 at 12, 19). Mobile Fractional's state of organization accordingly appears unclear at best, and moreover, there is no information as to Mr. Brown's citizenship and/or whether he is the only member of the LLC. Second, Defendant DL Air, LLC, has not addressed its own membership, asserting only that it is a Delaware corporation with its principal place of business in Louisiana. The only additional information as to DL Air's membership, revealed from a review of the record, is that Defendant Richard Blossman, a Louisiana resident, is "its principal" and that in the Aircraft Lease Agreement with Mobile Fractional, Blossman was listed as its "Owner." (Doc. 1 at 7, 22). There is no information as to whether Mr. Blossman is the only member of the LLC. In sum, the necessary details of the citizenship of the members of both Mobile Fractional and DL Air have not been provided to this Court.

"[T]he removing party bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) (citing Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998)). "To sufficiently allege the citizenships of these unincorporated business entities, a *party must list the citizenships of all the members of the limited liability compan[ies] and all the partners of the limited partnership*." Rolling Greens, 374 F.3d at 1022 (emphasis added). Without listing the citizenship of every member and every partner of every party, defendants will fail to meet their burden. Rolling Greens, 374 F.3d at 1022. As noted *supra*, Defendants have failed to sufficiently allege citizenship with respect to both Plaintiff Mobile Fractional Leasing and Defendant DL Air. The Notice of Removal and Plaintiffs' original

Complaint both lack any allegations regarding the citizenship of Mobile Fractional and DL Air, which are necessary to complete the requisite allegations for diversity. Defendants' failure is fatal to this Court's exercise of jurisdiction, such that there is no recourse other than to, *sua sponte*, remand this case to state court. See, e.g., Rolling Greens, 374 F.3d at 1022-1023; Business Asia Consultants, 2008 WL 1766888, *1-2; Whiddon Farms, 103 F. Supp. 2d at 1312-1313.

Accordingly, it is **ORDERED** that this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama. The Clerk of the United States District Court, Southern District of Alabama, is **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of Mobile County, Alabama (Case No. CV 08-901566).

**DONE** and **ORDERED** this the **5th** day of **March 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**